## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| MARSHALL RAY PARTAIN, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:20-cv-581-JDK-KNM |
| THOMAS KILLMAN, et al., | § § | |
| Defendants. | § § § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Marshall Ray Partain, a former Texas Department of Criminal Justice inmate proceeding pro se, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for disposition.

Before the Court are Plaintiff's motion for summary judgment (Docket No. 24) and Defendant Mary Hellen Morrow's motion for summary judgment for failure to exhaust administrative remedies (Docket No. 36). On August 11, 2021, Judge Mitchell issued a Report recommending that the Court grant Defendant Morrow's motion for summary judgment and deny Plaintiff's motion for summary judgment. Plaintiff timely objected. Docket No. 69.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire

1

record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Plaintiff raises several objections, and the Court will address each in turn. Plaintiff's first objection admits that he filed his complaint in this case while his Step One grievance concerning officers beating him was still pending. Docket No. 69 at 1. Plaintiff's admission confirms the accuracy of Judge Mitchell's Report: Plaintiff did not fully exhaust the TDCJ grievance procedures and allow prison officials the opportunity to resolve his issue before filing this lawsuit. This objection is therefore overruled. *See Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) (explaining that prefiling exhaustion is mandatory and a case must be dismissed if available remedies were not exhausted); *see also Herschberger v. Lumpkin*, 843 Fed. App'x 587, 590 (5th Cir. 2021) (unpublished) ("Since Herschberger is a Texas state prisoner, we rely on the grievance procedure of the TDCJ. That procedure requires inmates to complete a two-step process before their claim may be considered exhausted.").

Plaintiff also complains that Judge Mitchell allowed this lawsuit to proceed despite his failure to exhaust. Docket No. 69 at 1. This objection is without merit because the exhaustion of administrative remedies is an affirmative defense and Defendants have the right to raise such defense. He then argues that Judge Mitchell is biased—presumably because she recommended that Defendant Morrow's motion

be granted.  But Judge Mitchell's judicial recommendations and rulings do not demonstrate bias.  *See Liteky v. U.S.*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings almost never constitute a valid basis for a bias or partiality motion.").  To the extent that Plaintiff maintains that Judge Mitchell was biased because she denied Plaintiff's motions for the appointment of counsel, her orders were correct—there is no automatic right to counsel in a § 1983 proceeding, and this Court is not required to appoint counsel.  *See Robbins v. Maggio*, 750 F.2d 405 (5th Cir. 1985).

Plaintiff next maintains that grievance number 2021076059 was altered and that the copy Defendants submitted was signed by the Warden with a "fictitious date."  He also complains that TDCJ's grievance procedure lacks "integrity."  Docket No. 69 at 2–3.  But Plaintiff presents no competent summary judgment evidence to overcome Defendants' evidence that this grievance was returned to Plaintiff and he never filed a Step Two appeal.  *See, e.g., Burleson v. Texas Dep't. of Criminal Justice*, 393 F.3d 577, 589- 90 (5th Cir. 2004) (explaining that the non-movant must submit competent summary judgment evidence **sufficient** to defeat a properly supported motion for summary judgment) (emphasis added).  In fact, this objection fails to address the crux of Judge Mitchell's Report.  The competent summary judgment evidence—along with Plaintiff's own admissions in his complaint and now on objection—demonstrates that he never filed any Step Two grievances, evincing his failure to properly exhaust the required administrative remedies to completion.  *See Baldomino v. Stephens*, 752 F. App'x 190, 191 (5th Cir. 2019) (unpublished) ("The competent summary judgment evidence, which Baldomino failed to rebut, supported

that Baldomino did not file a step-two grievance—as required by the process in place in the Texas prison system—and, thus, did not properly exhaust his administrative remedies.").

In his next objection, Plaintiff states that he could not file a Step Two grievance appeal with respect to grievance number 2021016209 because the Step One was returned to him as "redundant"—a ruling that does not allow for appeal.  Docket No. 69 at 3.  On this grievance, Plaintiff again failed to *properly* follow TDCJ grievance procedures to completion.  The competent summary judgment evidence shows that grievance number 2021016209 was returned as unprocessed because it was "redundant" to grievance number 2021076059.  Under TDCJ grievance procedures, a prisoner may not "repeatedly grieve matters already addressed in a previous grievance."

By filing a second grievance on the same issue already grieved and responded to, Plaintiff did not follow TDCJ grievance procedures and, thus, cannot rely on this grievance to argue that he could not appeal and therefore exhausted.  *See Espinal v. Bemis*, 464 F. App'x 250, 251 (5th Cir. 2012) ("Exhaustion of administrative remedies 'means using all the steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'") (citing *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)); *see also Jones v. Bock*, 548 U.S. 199, 218 (2007) (explaining that the applicable procedural rules a prisoner must are defined not by the PLRA but by the prison grievance process itself).

Here, as Judge Mitchell found in her Report, Plaintiff filed a Step One, grievance number 2021076059, on October 5, 2020.  In this grievance, Plaintiff complained of being physically assaulted and explains his eye injuries—requesting eyeglasses and to see a specialist.  Docket No. 36, Ex. A at 002.  On November 28, 2020, the Warden responded to this grievance explaining that his complaint was forwarded to the Office of Inspector General, who found no evidence to support Plaintiff's allegations.  *Id*. at 003.  Plaintiff did not appeal this grievance.

The summary judgment evidence demonstrates that Plaintiff filed this second grievance, grievance number 2021016209, on the same day, October 5, complaining about the same assault and the same problems with his eye.  In short, Plaintiff filed two grievances on the same issue on the same day.  As a result, prison officials, on October 8, responded by finding that this grievance was redundant to the grievance first filed on October 5, grievance number 2021076059.  Accordingly, Plaintiff did not properly follow TDCJ grievance procedures by filing repeat grievances in excess of one every seven days.

In his next objection, Plaintiff states that he could not file a Step Two appeal with respect to grievance number 2021020951 because Defendant Morrow "was either terminated from her employment or she quit."  Docket No. 69 at 3.  As a result, Plaintiff asks, "how could a Step 2 grievance against a medical doctor be investigated if she's no longer an employee?"  Judge Mitchell's Report answers this question.  A prisoner is not required to name a specific defendant in his grievance in order to properly exhaust.  Rather, a prisoner is only required to grieve the incident or the

event for which he complains.  *See Patterson v. Stanley*, 547 F. App'x 510, 511 (5th Cir. 2013) ("Nothing in the PLRA requires prisoners to identify all defendants that they later sue.").  In other words, even if Defendant Morrow was no longer employed, Plaintiff was still required to properly grieve the incident to completion.

Finally, Plaintiff repeats his admission that he never filed a Step Two grievance appeal.  Docket No. 69 at 3.  Specifically, on objection, Plaintiff states that "the evidence in this case is in my favor except for not filing the Step 2 grievances."  *Id.*  Because a Step Two grievance is necessary to exhaust the administrative process and because exhaustion is mandatory, Judge Mitchell correctly recommended that Defendant Morrow's motion for summary judgment based on lack of exhaustion be granted.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court determines that the Report is correct and Plaintiff's objections are without merit.  Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 67) as the opinion of the District Court.  The Court **GRANTS** Defendant Morrow's motion for summary judgment (Docket No. 36) and **DISMISSES** Plaintiff's claims against Defendant Morrow without prejudice for failure to exhaust the required administrative remedies.  Plaintiff's motion for summary judgment (Docket No. 24) is **DENIED**.

So **ORDERED** and **SIGNED** this **1st**   day of **September, 2021.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE